United States District Court
Southern District of Texas
**ENTERED**
March 06, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | CRIMINAL ACTION NO. H-12-479-5 |
| v. § | |
| § | CIVIL ACTION NO. H-16-3158 |
| CORINTHIANS L. PHILLIPS § | |

**MEMORANDUM OPINION AND ORDER**

Defendant, a federal prisoner proceeding *pro se*, filed this section 2255 proceeding challenging her conviction and sentence for conspiracy to interfere with commerce by robbery (Docket Entry No. 207). The Government filed a motion to dismiss (Docket Entry No. 217). Defendant filed a response to the motion, but failed to serve a copy on counsel for the Government (Docket Entry No. 218). The response is not properly before the Court and will not be considered.[1]

Having reviewed the section 2255 motion, the motion to dismiss, the record, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this proceeding as barred by limitations.

*Background and Claims*

Defendant pleaded guilty to one count for conspiracy to interfere with commerce by robbery, and was sentenced to 97-months imprisonment on October 2, 2013. Judgment was entered on October 3, 2013. No direct appeal was filed. Although Defendant states that she

---

[1] The Court has reviewed the response in the interest of justice, and finds that it provides no basis for denying the Government's motion to dismiss.

signed and mailed her section 2255 motion on September 16, 2016, the retail USPS 2-Day Priority mailing label attached to her mailing envelope shows that the envelope was mailed on October 13, 2016. Defendant offers no explanation for this discrepancy.

The Government contends that Defendant's claims are barred by the federal one-year statute of limitations. Defendant argues in her section 2255 motion that her claims are not barred by limitations because of the "Johnson-Welch and Minor Role Reduction clauses and rules of law that was just passed nad [*sic*] encated [*sic*]." (Docket Entry No. 207, p. 30.) She further claims entitlement to equitable tolling. (Docket Entry No. 218.)

*Analysis*

Defendant's judgment became final for purposes of the one-year limitation on October 17, 2013, and limitations expired on October 17, 2014. Because Defendant did not file this proceeding until October 13, 2016, her claims are untimely by nearly two years.

To the extent Defendant argues that the one-year limitation did not commence until the Supreme Court's issuance of *Johnson v. United States*, ___ U.S. ____, 135 S. Ct. 2551 (2015), and *Welch v. United States*, ___ U.S. ____, 136 S. Ct. 1257 (2016), her arguments are incorrect. Neither *Johnson* nor *Welch* has any factual or legal application to Defendant's conviction or sentencing, and provide Defendant no limitations benefit. Accordingly,

Defendant's claims are barred by limitations unless another statutory or equitable provision applies to hold the claims timely filed.[2]

Defendant further argues in her response to the Government's motion to dismiss that she is entitled to equitable tolling as to her fourth, sixth, and fourteenth claims. Although the Court has not accepted Defendant's improperly-filed response, her equitable tolling argument will be addressed in the interest of justice as it has no merit. A careful review of her conclusory argument shows that she fails to allege any facts or legal authorities supporting her claim for equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

*Conclusion*

The Government's motion to dismiss (Docket Entry No. 217) is GRANTED and Defendant's motion for relief under section 2255 (Docket Entry No. 207) is DISMISSED WITH PREJUDICE as barred by limitations. A certificate of appealability is DENIED.

The Clerk of Court is ORDERED TO ADMINISTRATIVELY CLOSE Defendant's ancillary civil case in C.A. No. 16-3158 (S.D. Tex.).

Signed at Houston, Texas on March 6, 2017.

_____
Gray H. Miller
United States District Judge

---

[2] Defendant concedes in her improperly-filed response to the motion to dismiss that *Johnson-Welch* provides no basis for holding her section 2255 timely filed.